UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

Best Deal Blueberries, Inc            Case No.: 8:10-bk-08320-MGW

    Debtor.                                      Chapter 12
_____/

## DEBTOR'S EMERGENCY MOTION FOR APPROVAL OF POST-PETITION FINANCING FROM VIP MARKETING, INC.

Best Deal Blueberries, Inc., (the "Debtor"), by and through its undersigned attorney, pursuant to 11 U.S.C. §364(c) and Rule 4001(c) of the Federal Rules of Bankruptcy Procedure hereby files this Emergency Motion for Approval of Post-Petition Financing from VIP Marketing, Inc. for an order authorizing the Debtor to borrow $124,000 from VIP Marketing, Inc. ("VIP") allowable as a secured claim and as a super priority administrative expense pursuant to the Sections 364 of the Bankruptcy Code and to approve the funding of post-petition. In support of this Motion the Debtor says:

      1.       The Debtor seeks to obtain post-petition financing in the total amount of $124,000 from VIP. $40,000 of this will be advanced to the Debtor for the purposes of paying the initial expenses to begin harvesting the blueberry crop. In addition, VIP will make available to the Debtor a line of credit $84,000 for packaging materials for the blueberry crop.

      2.       The Debtor will also harvest the blueberry crop of D.G. Diehl Farms, Inc. using the VIP loan. The net proceeds of the sale of blueberries from the D.G. Diehl Farm, Inc. will be paid to DG. Diehl Farms, Inc. D.G. Diehl Farms, inc. is a related entity and has filed a Chapter 12 also.

3. VIP intends to purchase from the Debtor at market rate up to 60,000 flats of blueberries from the 2010 spring harvest. It is estimated that the market price of blueberries will range between $25 and $35 per flat. This is subject to market fluctuations.

4. The post-petition loan will be repaid by VIP deducting up to $6.77 per flat up until the loan is paid in full. In addition, the loan will bear 2% per annum interest.

5. VIP intends to sell the flats at market price. From the sale of the flats VIP will be paid 10% commission. VIP will also pay shipping charges estimated at $1.00 per flat.

6. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334. The subject matter of the Motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper in this district pursuant to 28 U.S.C. §1408.

7. The statutory predicates for the relief sought in the Motion include 11 U.S.C. §364 and Bankruptcy Rules 4001(c) and 9001. No previous for application for relief sought herein has been made by the Debtor to this Court. On April 9, 2010, the Debtor filed its voluntary petition for relief under Chapter 12 of the Bankruptcy Code.

8. The Debtor continues to manage its property as Debtor-in-Possession.

9. The Debtor is engaged in the business of growing and selling blueberries. The Debtor has approximately 50 acres of blueberries. The harvest time is eminent.

10. VIP is the proposed short term post-petition lender.

11. VIP had loaned to the Debtor pre-petition which is subject to a security agreement and financing statement.

12. The purpose of the post-petition loan is to obtain sufficient funds to harvest, pack and ship the blueberries to market with VIP marketing the majority of the crop.

13. The VIP loan should be secured by a first lien on the Debtor's assets pursuant to §364(b) of the Bankruptcy Code to prime all other lien holders. VIP will release its lien as to the proceeds upon the post-petition loan being paid.

14. The Debtor's obligation to repay VIP shall be afforded a super priority administrative expense status in the Debtor's bankruptcy case as provided in §§364(b) and 503(b) of the Code. The Debtor is not able to find any other lender willing to make a post-petition loan under terms more favorable than the loan proposed by VIP. The Debtor's assets are presently subject to first mortgage in favor of Farm Credit of Florida ("**FCF**") in the approximate amount of $1,200,000. Farm Credit is unwilling to advance funds for the harvest of crops.

15. Upon information and belief, FCF will not object to the priming of its lien.

16. The benefit to the Debtor, its Creditors and the Estate from this loan are significant. If the Debtor is unable to pay for the harvesting of the crop, it will be wasted and die in the field and generate absolutely no funds for the Estate.

WHEREFORE, the Debtor requests the entry of an order (a) granting a Motion without prejudices to the Debtor to request additional financing if necessary; (b) authorizing the Debtor to borrow up to $124,000 as a secured claim and a super priority administrative expense claim allowable under §364 of the Code; (c) approving the repayment of the VIP loan under the terms and conditions set forth herein; and (d) for such other and further relief as is just.

Respectfully submitted,

**WATKINS LAW FIRM, P.A.**

/s/ Allan C. Watkins
**ALLAN C. WATKINS, ESQUIRE**
Florida Bar Number: 185104
707 North Franklin Street, Suite 750
Tampa, Florida 33602
Tel: (813) 226-2215
Fax: (813) 226-2038
email: watkinslaw@att.net
Attorney for Best Deal Blueberries, Inc., Debtor

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by either CM/ECF electronic notice or by United States Mail to the United States Trustee, 501 E. Polk Street, Suite 1200, Tampa, Florida 33602; Terry E. Smith, Trustee, P.O. Box 6099, Sun City Center, FL 33571-6099; and Robert Cole Scott, Jr., c/o Southern Specialties, Inc., 1400 SW 6th Court, Suite B, Pompano Beach, FL 33069; Dean G. Diehl, President, c/o: D.G. Diehl Farms, Inc., 3926 24th Street SE, Ruskin, FL 33570; D. Bradley Hester, Esquire, 429 South Keller Road, Suite 310, Orlando, FL 32810; and the Local Rule 1007-2 Parties in interest list on April 9, 2010.

/s/ Allan C. Watkins
**ALLAN C. WATKINS, ESQUIRE**